UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APG FUND I LLC,<br><br>                                  Plaintiff,<br><br>          v.<br><br>MICHAEL MARQUES; DOES 1 TO 100,<br><br>                                  Defendants. | CASE NO. 12cv2103 - IEG (MDD)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO REMAND [Doc. No. 6]**<br><br>**AND**<br><br>**(2) DENYING AS MOOT MOTION TO CONSOLIDATE CASES [Doc. No. 5]** |

Presently before the Court is Defendant Michael Marques's ("Defendant Marques") motion to consolidate cases [Doc. No. 5, Def.'s Mot. to Consolidate.] and Plaintiff APG Fund I LLC's ("Plaintiff APG Fund") motion to remand to state court [Doc. No. 6, Pl.'s Mot. to Remand.].  For the following reasons, the Court **GRANTS** Plaintiff APG Fund's motion to remand and **DENIES AS MOOT** Defendant Marques's motion to consolidate cases.

## BACKGROUND

On August 20, 2012, Plaintiff APG Fund commenced an unlawful detainer action in the San Diego Superior Court, seeking possession of real property located at 172 Whitney Street, Chula Vista, California.  [Doc. No. 1-4, Compl.]  On August 24, 2012, Defendant Marques removed this action from San Diego Superior Court to this Court on the basis of diversity jurisdiction.  [Doc. No. 1, Notice of Removal.]  On September 9, 2012, Defendant Marques filed a motion to consolidate the instant action with 12cv1873, an action filed by Defendant Marques

against Plaintiff APG Fund; Federal Home Loan Mortgage Corporation; Bank of America, National Association; and Does 1 through 10.  [Doc. No. 5, Def.'s Mot. to Consolidate.]  In 12cv1873, Defendant Marques alleges eight causes of action:  (1) declaratory relief; (2) declaratory relief; (3) negligence; (4) quasi contract; (5) violation of 15 U.S.C. § 1692, et seq.; (6) violation of California Business and Professions Code § 17200, et seq.; (7) accounting; and (8) quiet title.  [Doc. No. 3 in 12cv1873, First Amended Compl.]  On September 13, 2012, Plaintiff APG Fund filed a motion to remand the instant action for lack of subject matter jurisdiction.  [Doc. No. 6, Pl.'s Mot. to Remand.]

## DISCUSSION

**I.     Plaintiff APG Fund's Motion to Remand for Lack of Subject Matter Jurisdiction**

The Court first addresses Plaintiff APG Fund's motion to remand.  [Doc. No. 6, Pl.'s Mot. to Remand.]  "The Supreme Court has instructed lower courts to resolve jurisdictional issues before reaching the merits of a case."  Rivera v. R.R. Retirement Bd., 262 F.3d 1005, 1008 (9th Cir. 2001) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) (rejecting doctrine of "hypothetical jurisdiction")).  "Without jurisdiction the court cannot proceed at all in any cause.  Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."  Steel Co., 523 U.S. at 94 (internal quotation marks omitted).  Because the Court "cannot proceed at all," id., if it lacks jurisdiction, the Court must first determine if it has subject matter jurisdiction before proceeding to the motion to consolidate.

An action is removable to federal court only if it might have been brought there originally.  See 28 U.S.C. § 1441(a).  Federal courts are courts of limited jurisdiction and as such "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (internal citations omitted).  Lack of subject matter jurisdiction can be raised at any time by any party or *sua sponte* by the court.  Csibi v. Fustos, 670 F.2d 134, 136 n.3 (9th Cir. 1982).  The court must presume that a case lies outside of its limited jurisdiction, and the burden of establishing jurisdiction is on the party asserting it.  Id.  The removal statute is strictly construed against removal jurisdiction.  Gaus

v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id.

In its notice of removal, Defendant Marques alleges diversity jurisdiction as the basis for the Court's subject matter jurisdiction.  Defendant Marques does not allege federal question jurisdiction. [Doc. No. 1, Notice of Removal at 5-6.]  "The federal court's basic diversity jurisdiction extends to 'all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between citizens of different States.'"  Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) (quoting 28 U.S.C. § 1332(a)(1)).  A limited liability company ("LLC") "is a citizen of every state of which its owners/members are citizens." Id.

In its notice of removal, Defendant Marques alleges that he is a resident of the state of California and that Plaintiff APG Fund is a resident of the state of Delaware. [Doc. No. 1, Notice of Removal at 5.]  Plaintiff APG Fund, however, alleges that it is a citizen of California because it "has at least one member who is a California resident/citizen." [Doc. No. 6-1, Mem. of P. & A. in Supp. of Mot. to Remand ("Mot. to Remand") at 3.]  Plaintiff APG Fund provides a declaration by John S. Schafer ("Schafer"), a manager of Aslan Pacific Partners I, LLC ("Aslan"). [Doc. No. 6-3, Decl. by Schafer.]  Schafer states that Aslan is a member of Plaintiff APG Fund and that Aslan is a California LLC. [Id. at 1.]

In its opposition to the motion to remand, Defendant Marques does not dispute Plaintiff APG Fund's contention that it is a citizen of California.  Rather, Defendant Marques states: "Irrespective of whether diversity exists between the Plaintiff and the Defendant herein, the fact remains that the pendant state law claims asserted by Plaintiff form a part of the same case and controversy as that plead in the cause of action filed by Marques [12cv1873]." [Doc. No. 7, Def.'s Opp. to Pl.'s Mot. to Remand at 5.]  However, because the Court must address the question of subject matter jurisdiction before proceeding further, see Steel Co., 523 U.S. at 94, it may not first consider Defendant Marques's motion to consolidate.

Because Defendant Marques has not alleged facts sufficient to support a finding that the citizenship of the parties is diverse, the Court lacks diversity jurisdiction to hear the matter.  Therefore, the Court **GRANTS** Plaintiff APG Fund's motion to remand and **REMANDS** the

action to state court.

## II. Defendant Marques's Motion to Consolidate

Because the Court dismisses this action for lack of subject matter jurisdiction, the Court **DENIES AS MOOT** Defendant Marques's motion to consolidate.

## CONCLUSION

For the reasons above, the Court:

1. **GRANTS** Plaintiff APG Fund's motion to remand;

2. **REMANDS** the action to the San Diego Superior Court; and

3. **DENIES AS MOOT** Defendant Marques's motion to consolidate.

**IT IS SO ORDERED.**

**DATED:** November 28, 2012

*/s/ Irma E. Gonzalez*
**IRMA E. GONZALEZ**
**United States District Judge**